# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 10-3100**  **September Term, 2012**

FILED ON: MAY 10, 2013

UNITED STATES,
      APPELLEE

v.

KENNETH LANE MILSTEAD,
      APPELLANT

Appeal from the United States District Court
for the District of Columbia

Before: HENDERSON, BROWN, and KAVANAUGH, *Circuit Judges*.

### J U D G M E N T

This case was considered on the record from the district court and upon the briefs and oral arguments of the parties. *See* FED. R. APP. P. 34(a)(2). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons explained in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.

*Per Curiam*

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
        Jennifer M. Clark
        Deputy Clerk

**MEMORANDUM**

Kenneth Milstead appeals his sentence of 72 months' imprisonment for wire fraud, challenging both the district court's calculation of his guideline range and its imposition of an above-guideline sentence. We review Milstead's sentence for abuse of discretion, first determining whether a procedural error occurred "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We must then verify whether the sentence is substantively reasonable, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

Milstead first takes issue with the district court's decision to include a previous state conviction in his criminal history. The sentencing guidelines exclude from criminal history computations certain prior misdemeanor offenses, "by whatever name they are known," including "[i]nsufficient funds check." USSG § 4A1.2(c)(1).[1] Milstead contends his Georgia conviction for the misdemeanor offense of "theft of services" qualifies for exclusion, since the conduct underlying his crime amounted to nothing more than passing a bad check to get a free hotel stay. Under Georgia law, "[a] person commits the offense of theft of services when by deception and with the intent to avoid payment he knowingly obtains . . . accommodations." GA. CODE ANN. § 16-8-5. By contrast, "[a] person commits the offense of deposit account fraud when such person makes, draws, utters, executes, or delivers an instrument for the payment of money on any bank or other depository in exchange for a present consideration of wages, knowing that it will not be honored by the drawee." *Id.* § 16-9-20. Milstead does not deny his actions constituted theft of services but argues he could just as easily have been convicted for deposit account fraud, which he claims is a direct analogue to the sentencing guidelines' insufficient funds check. Including the theft of services conviction placed Milstead in criminal history category III instead of category II, with a resulting shift in his guidelines range from 37–46 months' imprisonment to 41–51 months' imprisonment.

Deciding whether a defendant's past offense is sufficiently similar to a listed offense to qualify for exclusion involves a "common sense approach" that includes

> consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

USSG § 4A1.2 cmt. n.12. We think the fifth factor in particular supports the district court's finding.

---

[1] Such misdemeanors are still counted "if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense," USSG § 4A1.2(c)(1), but neither exception applies here.

The sentencing guidelines exclude certain offenses from a defendant's criminal history because they do not offer useful information for crafting an appropriate punishment. Passing a bad check and conducting a sophisticated fraud may not qualify as the same offense, but they do show a pattern of dishonesty in the pursuit of material gain, indicating "a likelihood of recurring criminal conduct." Under these circumstances, incorporating Milstead's theft of services conviction into his criminal history was not procedural error.

Milstead also alleges procedural error and substantive unreasonableness in his sentence because the district court varied upward from the guideline range based on factors already contemplated by the sentencing guidelines, such as the number of victims, the amount of money involved, and his scheme's sophistication. *See* USSG § 2B1.1(b). Effectively, Milstead criticizes the district court for failing to presume his guideline range was reasonable—something sentencing judges may not do. *See Gall*, 552 U.S. at 50. And in any event, Milstead mischaracterizes the district court's decision. In addition to focusing on the severity of Milstead's offense in light of "the length of the crime, the number of victims, [and] the amount of money"—admittedly features that entered the computation of his base offense level—the district court also relied on "the collateral consequences," particularly those elucidated in "the victim impact statements which I do find by a preponderance of the evidence tell me additional impact." Sentencing Hr'g 22. The district court also distanced its reasoning from the guidelines, arguing that "this is exactly the kind of case in which the guideline provision speaks to the small specifics, which aren't that small, of an underlying crime and my discretion speaks to impacts of this crime which are not reflected in how the guideline calculation is put together." *Id.* This was no simple recitation of the sentencing guidelines' specific offense characteristics but a reasoned explanation for an upward variance. That is enough, for we may not presume a variance from the sentencing guidelines to be unreasonable nor demand extraordinary circumstances to justify it. *Gall*, 552 U.S. at 47.

We therefore affirm the judgment of the district court.